XING WANG DONG, Petitioner,

v.

Alberto R. GONZALES,[1] Respondent.

No. 04-0004-ag.

United States Court of Appeals, Second Circuit.

June 21, 2007.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for Attorney General John Ashcroft.

Karen Jaffe, New York, NY, for Petitioner.

Joe W. Stecher, United States Attorney, District of Nebraska, Robert C. Sigler, Assistant United States Attorney, Omaha, NE, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Xing Wang Dong, a native and citizen of China, seeks review of the December 10, 2003 order of the BIA affirming the June 18, 2002 decision of Immigration Judge ("IJ") Douglas Schoppert denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xing Wang Dong*, No. A77 293 495 (B.I.A. Dec. 10, 2003), *aff'g* No. A77 293 495 (Immig. Ct. N.Y. City June 18, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

§ 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004); *see also Gjolaj v. BCIS,* 468 F.3d 140, 143 (2d Cir.2006) (reviewing the question of nexus for substantial evidence). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Regarding Dong's claims for asylum and withholding of removal based on religious persecution, it is not necessary to examine the IJ's credibility determination because, even assuming that Dong testified credibly, the IJ properly denied relief. Dong says he believes the police targeted him because of his religious beliefs. However, the IJ was free to adopt the competing inference that the police were attempting to control a 400 to 500 person parade, for which no prior approval had been obtained. *See Siewe v. Gonzales,* 480 F.3d 160, 167 (2d Cir.2007) (noting that the "very essence" of the IJ's "function is to select from among conflicting inferences and conclusions that which it considers most reasonable." (internal quotation marks omitted)); *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). Even if Dong could demonstrate that these events constituted past persecution giving rise to a presumption of well-founded fear, 8 C.F.R. § 1208.13(b)(1), the presumption would be rebutted because the basis for Dong's subjective fear of return is that he will be prosecuted on the charge of ordering his dog to attack the police. Fear of prosecution for violating a generally applicable criminal law is not a ground for relief. *See Saleh v. U.S. Dep't of Justice,* 962 F.2d 234, 239 (2d Cir.1992).

As Dong failed to meet his burden of proof for asylum, and as his withholding claim is premised on the same facts, he has failed to meet the higher burden of proof required for withholding. *See* 8 U.S.C. § 1231(b)(3)(A); *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Dong's claim for CAT relief is based on his cooperation in a criminal prosecution of human smugglers. He says he fears torture at the hands of the snakeheads, which could amount to a claim if such torture were done with the acquiescence of the Chinese government. But there is no evidence to support acquiescence. His parents claim to have been visited by two men four times; they complained to the police once; but they couldn't say who the men were. As to Dong's CAT claim based on his illegal departure, the IJ properly concluded that the record does not support his assertion that it is more likely than not that he would face torture for this reason.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).